IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ELIJAH DECOLE WOODS | § | |
| VS. | § | CIVIL ACTION NO. 1:25-cv-84 |
| JESTER IV UNIT | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Elijah Decole Woods, an inmate currently confined at the Clemens Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this action against the Jester IV Unit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, Plaintiff is confined in the Clemens Unit located in Brazoria, Texas. The city of Brazoria is located in Brazoria County, Texas. However, Plaintiff complains of being denied a gluten-free diet while he was confined at the Jester IV Unit which is located in Richmond,

Texas. Further, the Defendant is located in Richmond, Texas. The city of Richmond is located in Fort Bend County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Fort Bend County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, both Brazoria County and Fort Bend County are located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). After due consideration, the undersigned is of the opinion that the claims in this action should be transferred to the Southern District of Texas, Houston Division. A separate order so providing will be entered this date.

**SIGNED this the 25th day of February, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE